### JACKSON v. ROBERTS.

On a verdict for a gross sum against both defendants in an action of law, a judgment *in solido* against both was properly entered, and the execution issuing on such judgment may be collected out of the property of either, the co-debtors being left to adjust between themselves the question of relative liability as to their respective proportions of the indebtedness.

May 6, 1889.

Judgments. Executions. Contribution. Before Judge FAIN. Bartow superior court. July term, 1888.

Reported in the decision.

E. D. GRAHAM and A. S. JOHNSON, for plaintiff in error.

T. W. AKIN, *contra.*

BLECKLEY, Chief Justice.

Jackson, Roberts and Collins having been members of a partnership which was dissolved, Roberts brought

an action at common. law against the other two, and had a recovery against them jointly for a gross sum. Upon the verdict a judgment was entered up. against both defendants in favor of the plaintiff, Roberts. After paying off one half of this judgment, Jackson considered himself discharged from it, and the execution being levied upon his property to collect the other half, he filed a bill to enjoin the levy and sale, the theory of the bill being that the joint recovery against himself and Collins meant, when construed by the pleadings, that each was liable for one half only. When the bill came to a hearing it was dismissed for want of equity, and this is the error assigned.

We think it perfectly clear that the court committed no error; for neither in the verdict nor in the judgment was there any intimation that the recovery was for a moiety only against each of the defendants in the common law action. The suit against them was joint; and so were the verdict and judgment. There can be no doubt that in such a case, the liability to pay the whole of the recovery devolves upon the defendants jointly and severally. Each is liable for the whole debt, and if one pays more than his due proportion, his recourse is upon his co-debtor.

*Judgment affirmed.*