JACOB LEVINE *vs.* THE HEGEMAN TRANSFER AND
LIGHTERAGE TERMINAL, INCORPORATED, ET AL.

Third Judicial District, Bridgeport, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

Under § 61 of the Motor Vehicle Act of 1921, a passenger riding in an
automobile which is not legally registered, is not prohibited—as
the owner is—from recovering damages for an injury sustained by
him while the car is being operated on the highways of this State;
although prior to the Act of 1917, the prohibition applied equally
to passenger and owner.

Argued October 25th—decided December 13th, 1923.

ACTION to recover damages for personal injuries
alleged to have been caused by the negligence of the
defendants, brought to the Superior Court in Fairfield
County and tried to the jury before *Wolfe, J.;* verdict
and judgment for the plaintiff, and appeal by the de-
fendants. *No error.*

*Carl Foster*, for the appellant (defendant E. N.
Smith Trucking Company).

*William W. Bent*, for the appellant (defendant Hege-
man Transfer and Lighterage Terminal, Inc.).

*Joseph G. Shapiro* and *Harry Allison Goldstein*, for
the appellee (plaintiff).

WHEELER, C. J. This case was tried with the com-
panion case of Samuel Kaufman against the same de-
fendants. The matters discussed in that case are
equally applicable here, with a single exception. The
prohibition of recovery for failure to have a motor-
vehicle registered is limited to the owner of the vehicle
by the provisions of Chapter 400, § 61, of the Public

Acts of 1921. Prior to the Act of 1917, the same prohibition applied equally to the operator of the motor-vehicle and the passenger in the motor-vehicle. The present statute does not bar the plaintiff passenger from recovery for the failure of Kaufman, the owner of the motor-vehicle, to have had it registered. *Shea* v. *Corbett*, 97 Conn. 141, 147, 115 Atl. 694.

There is no error.

In this opinion the other judges concurred.