FAE WISE *vs.* JOSEPH E. BERGER ET AL.

Third Judicial District, Bridgeport, April Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

In an action against joint tort-feasors, a judgment against both may be collected, in whole or in part, from either, and no right to contribution between them exists; and, therefore, the only interest which one losing defendant has in a judgment against the other—and the only cause for complaint which a directed verdict in favor of the other affords him—lies in the tenuous hope that the plaintiff might elect to collect the judgment from that source.

The plaintiff brought the present action to recover damages for personal injuries which she suffered as the result of a collision between the automobile of the defendant B, in which she was riding as a passenger, and that of the defendant S. The trial court directed a verdict in favor of S. *Held* that the trial court did not err, since there was no evidence that S was negligent.

After the plaintiff had corroborated the testimony of disinterested witnesses that B's automobile was being driven at a fast rate of speed, she admitted that, shortly after the accident, she had stated to an insurance adjuster that the car was proceeding slowly. B claimed that this contradiction threw such doubt upon the speed of his car as to require the submission of S's negligence to the jury. *Held* that B misconceived the effect of the plaintiff's admission, which merely discredited her previous testimony and had no tendency to prove that B's car was in fact being driven slowly.

Section 61 of Chapter 400 of the Public Acts of 1921, which denies
recovery in a civil action to the owner of an unregistered
motor vehicle, does not in any way affect the rights of a pas-
senger; nor is a passenger bound, as he formerly was, to offer
evidence of his knowledge or lack of knowledge concerning
registration, the proviso to that effect in §61 having been re-
tained by inadvertence in amending previous enactments on the
subject.

Argued April 15th—decided July 30th, 1925.

ACTION to recover damages for personal injuries
alleged to have been caused by the negligent operation
of the defendants' automobiles, brought to the Supe-
rior Court in Fairfield County and tried to the jury
before *Avery, J.;* verdict for the plaintiff to recover
$3,500 from the defendant Berger and, by direction
of the court, in favor of the defendant Solloway, and
from the judgment rendered thereon, the defendant
Berger appealed. *No error.*

*Carl Foster,* for the appellant (defendant Berger).

*Abraham Wofsey,* for the appellee (plaintiff).

*C. Milton Fessenden,* for the appellee (defendant
Solloway).

KEELER, J.  This was an action brought by plaintiff
against Berger, the owner of an automobile in which
she was riding as a passenger, and Solloway, the owner
of an automobile with which that of Berger collided.
The complaint claimed the negligent operation of
their respective cars by each defendant and injuries
to her therefrom.  The combined effect of each of the
answers was to put in issue all of the material allega-
tions of the complaint; each defendant admits the neg-
ligence of his codefendant and denies his own negli-
gence.  Trial was had and the court directed a verdict

for the defendant Solloway, and upon the evidence produced and the charge of the court the jury found a verdict for $3,500 damages against the defendant Berger.

Upon the evidence the plaintiff claimed to have proved, and the jury might reasonably have found, that on December 21st, 1923, at about 10:30 p.m., the plaintiff was an invited passenger in an automobile belonging to the defendant Berger, and then driven by his daughter Lillian; that the car was used for the pleasure and use of this defendant's family, and was used with the permission of this defendant at the time of the collision hereafter referred to; that on this occasion the car was traveling in an easterly direction on Elm Street, a principal thoroughfare in the city of Stamford, at or near a point where Cherry Street meets Elm from the south; that the car was being operated at a dangerous and excessive rate of speed with regard to safety of the public as it approached the junction of these streets, and no horn was then sounded, or warning by any other device given; and that, generally, the car was carelessly and negligently operated. As regards Solloway, had the case been submitted to it, the jury might reasonably have found that the defendant Solloway was driving an automobile in a northerly direction along Cherry Street and when nearing the junction of this street with Elm Street drove very slowly and blew his horn, but could not avoid a collision with the Berger car, which crashed into him, and as a result of this collision the plaintiff was injured; and that Solloway was driving on the right side of the street and keeping a proper lookout. Neither of the defendants offered any evidence.

The defendant Berger, in his reasons of appeal, assigns as error that the verdict was against the evidence, and the fact that the court declined to charge the jury

that the burden of proof was upon the plaintiff to prove that she had reason to believe that Berger's vehicle was legally registered, or that, being a passenger, she was unaware that the vehicle was unregistered or the operator unlicensed; also that, since she offered no evidence in either regard, she could not recover; and further, that the court erred in directing a verdict for the defendant Solloway.

Counsel for Berger in his brief concedes that the evidence in the case was contradictory and that he cannot in this court complain of the verdict of the jury finding him negligent; but that if there was evidence in the case from which the jury might reasonably have found that Solloway was guilty of negligence, then, on a judgment against them both, Berger would be obligated to pay only one half, or $1,750. Such a result would by no means be sure to follow, since execution on the judgment might be levied on the property of either debtor, and the whole amount collected, and since there is no contribution between wrongdoers, Berger, if he was obliged to pay the whole amount of the judgment, could maintain no action against Solloway. There could only remain the somewhat doubtful hope that the plaintiff might elect to levy on the goods of Solloway. On this slender thread hangs all of Berger's interest in a judgment against his codefendant. His endeavor, therefore, is to show that there was evidence in the case against Solloway, which should have been left to the consideration of the jury. A perusal of the evidence leads us to the conclusion that there was no such evidence. There was certainly no direct evidence. The testimony was that Solloway was going at a moderate rate of speed, one witness says "very slowly," on the right side of the road, and blew his horn. There is no evidence that he was not keeping a proper lookout. The only part of the testimony

from which negligence might be inferred is the nature of the injuries inflicted upon each car at the time of collision. The points of contact, as afterward shown upon each of the cars, would rather indicate that the collision was owing to the faulty driving of the Berger car. Certainly there is nothing in the evidence from which the jury could have found Solloway in fault.

This defendant further insists that the testimony of Fae Wise, the plaintiff, was of such a nature as to render the evidence as a whole, contradictory to such a degree as to require its submission to the jury as bearing upon the liability of Solloway. The collision occurred on December 23d, and on December 26th, one Manion, representing an insurance company carrying liability insurance for Berger, visited her while still under treatment in the Stamford Hospital and took from her a written statement signed by her, wherein she says: "We were going east on Elm Street at a very slow rate of speed." Upon the trial of the cause, upon cross-examination, she testified that Berger's automobile in which she was riding was going at a fast rate of speed, and was then asked whether she had not made a different statement to Manion which was reduced to writing, to which she replied that she had, and had in the statement said the car was going slow in order to shield Lily Berger, who drove the car. She was then asked: "Q. When you told Mr. Manion that the automobile was going slowly and not fast, you knew that it was not so? A. Yes, I lied." She explained the discrepancy between her statement and her testimony by saying that Lily Abrams and Pearl Berger had requested her to state that the car was going slowly in order that her statement might agree with theirs, which had been told to Mr. Manion, which was to the effect that Lily Berger was not speeding, which story had been told

to shield Lily Berger. Defendant Berger claims that
the testimony so discredits the testimony of the plain-
tiff, that the case should have gone to the jury as
against Solloway. If the jury had considered this testi-
mony in connection with the liability of Solloway, it
could discredit it to the point of rejection as respects
this portion of it, but it would by no means prove that
the car was going slowly; the statement of the witness
to that effect in the document secured by Manion at
the hospital would not entitle the jury to infer that
the car was in fact being driven slowly, and it would
therefore remain the fact that there was no testimony
in the case to the effect that the car was driven slowly.
That it was driven fast we have disinterested testi-
mony. Furthermore, it would still stand out in the
case, as found by the trial judge, that there was no
testimony showing negligence on the part of Solloway.

The further contention of the defendant Berger re-
lates to the claim that the trial judge had erred in
failing to charge the jury with reference to the neces-
sity of the plaintiff to offer proof as to her knowledge
or lack of it with reference to the registry of the car
and the licensing of the operator, as more fully set
forth above in this opinion, relying upon the last clause
of § 61 of Chapter 400 of the Public Acts of 1921. This
section, we have held, applies only to recovery by an
owner, and does not apply either to an operator or
passenger. *Shea* v. *Corbett,* 97 Conn. 141, 147, 115
Atl. 694; *Levine* v. *Hegeman Transfer & Lighterage
Terminal, Inc.,* 100 Conn. 122, 123 Atl. 19. It appears,
however, from testimony of defendant Berger, that
the car was in fact registered.

Defendant's counsel relies upon the concluding
clause of the section, which reads: "provided nothing
herein shall prevent recovery by a licensed operator
or a passenger . . . who had reason to believe that

such motor vehicle was legally registered, nor by any passenger or pedestrian who was not aware that the operator was unlicensed or the motor vehicle not properly registered," as the basis of a contention that the plaintiff must bring her case within this proviso. It is very plain that § 61 is concerned with imposing a disability to sue upon an owner who had not registered his vehicle, or who had allowed it to be driven by an unlicensed operator. In terms it imposes no disability upon anyone else. In the Public Acts of 1915, Chapter 231, right of recovery was denied to owner, operator or passenger, and the clause last quoted was added to save the rights of an innocent and uninformed operator or passenger. In Public Acts of 1917, Chapter 333, § 47, the words "or any operator or any passenger," were stricken out by amendment, but the proviso as to operators and passengers, although it had become entirely unnecessary, was seemingly by inadvertence retained, and the same inadvertence is repeated in the corresponding sections of the Acts of 1919 and 1921, under which latter the present action was brought. As the present law imposes no disability upon operators or passengers, no needless and inefficacious proviso can impose such a disability by negative implication.

There is no error.

In this opinion the other judges concurred.