JEANNE FALLEO *vs.* THE BYROLLY TRANSPORTATION COMPANY.

SALVATORE FALLEO *vs.* THE BYROLLY TRANSPORTATION COMPANY.

Third Judicial District, New Haven, June Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued June 5th—decided July 10th, 1929.

*Joseph J. Davis,* with whom was *Herman J. Weisman,* for the appellants (plaintiffs).

*John F. McDonough,* for the appellee (defendant).

HAINES, J. These appeals are based solely upon the claim that the trial court erred in setting aside the verdicts of the jury. The memorandum of decision concludes: "I fail to find evidence from which the jury could have found that the defendant's driver was negligent. The verdicts are therefore set aside." A very brief reference is made to the action of the defendant's driver, as the court believed it to have been proved, and it is characterized as the conduct of a reasonably prudent man. There is no intimation that the jury, in reaching an opposite conclusion, had acted from motives of prejudice, partiality or corruption, or had in any way mistaken the law; nor is it suggested that the verdicts were so plainly and palpably unjust as to denote that the jury had made some mistake in the application of legal principles or were influenced by lack of knowledge or understanding. If there was any evidence which reasonably supported the conclusions of the jury, those conclusions must stand, though

the trial court did not credit the evidence. However, since this court gives much weight to the conclusions of a trial court, we have carefully studied all the evidence given at the trial. That study discloses that there was contradictory testimony as to some of the vital features of the case. We must accord to the jury, their right to decide where the truth lay, and give their conclusions the benefit of any testimony which will reasonably support them.

There is no apparent disagreement upon the following facts: While proceeding along the public highway leading from Southington to Plainville, on Sunday afternoon, August 21st, 1927, the defendant's auto truck, with a load of freight, and driven by one Jaccarusso, was sideswiped by another car, taking off the battery from the running board of the truck, destroying the electric connections, rendering the lamps useless and stalling the truck. By cranking, the engine could be made to start and continue for a few moments, and thus the driver was able to propel the truck a few feet. He steered the truck to the shoulder of the road where it was left with the right front wheel near the ditch and the left side and rear end of the truck projecting into the traveled way. The plaintiff Jeanne Falleo was about eighteen years of age, and with another girl, was riding from Southington toward Plainville in a Ford car, driven by one Paul Mastriani. The Ford, in attempting to pass the truck, struck the projecting rear end of it as it stood where the defendant's driver had left it, and the plaintiff suffered painful and serious injuries.

There was testimony from which the jury could have further found—and not unreasonably—that at the point where the collision occurred, the traveled roadway was of asphalt and was twenty feet in width with a white line in the center to divide the opposing

lines of travel. A trolley track ran along the opposite side of the road, and about one hundred feet from where the truck stood was a trolley crossing for entrance into a private driveway, the latter about forty feet wide. The jury could have found that one hundred and forty-five feet from the truck was a street lamp. The truck was about seven feet wide, and when it was brought to a stop, three or four feet of it was over the asphalt, but at this particular point, it could not be driven further off the road because of a ditch. If the jury believed one of the defendant's witnesses, the truck was stalled as early as seven o'clock, and while it was daylight, but foggy, and it had not been moved when the plaintiff's collision occurred—about nine o'clock—at which time it was dark and foggy. The driver of the truck testified that he left the truck at the location stated and went away in another car to attempt to get the battery repaired at some garage. Sometime after eight o'clock, one Sanders, who had been doing traffic duty in Plainville, arrived at his home, about four hundred feet from where the truck stood. He went down to the truck at once and proceeded to direct traffic for about five minutes and then boarded a passing car and left the scene to overtake and arrest a drunken driver. Neither Orvis, who claimed to have lighted matches in the rear of the truck after Sanders left, nor Hogan, who was approaching the truck at the time of the plaintiff's collision, saw the driver of the truck there, nor does it appear from Sanders' testimony that he saw him there at any time before the collision in question. The driver himself testified that he left the truck and went away to find a garage and get his battery repaired, and did nothing to protect traffic. "Q. In other words, you did nothing except to pull up by the side of the road, is that so? A. That is right."

We think it clear that these facts, if found by the jury, as they might reasonably have been, amply justified its conclusion that the conduct of the defendant's driver was not that of a reasonably careful and prudent person under the circumstances. With a ten-foot right of way for cars going toward Plainville, the dangerous obstruction created by this heavy, unlighted and unguarded truck which occupied three or four feet of this space, leaving but six or seven feet for passing cars unless they crossed the white line into the path of opposing traffic, should have been obvious to any reasonable person; and especially was this true, on a dark and foggy night with a heavy Sunday traffic. Yet its driver made no effort to move it or guard it and left it there. Temporary and ineffective efforts to protect passing cars were volunteered by third persons who observed the danger, but the truck was thus allowed to stand there for two hours, a menace to many people. The evidence discloses that the defendant's driver at no time took any precautions whatsoever for the safety of other travelers on the highway, but concerned himself wholly with his own affairs. The jury were justified in holding that this was not the conduct of a reasonably prudent and careful person.

Much testimony was given as to the acts and conduct of the driver of the Ford car, but it is of little importance, in this inquiry, whether or not he was guilty of contributory negligence, since no claim is or can be seriously made, but that the plaintiff herself was wholly free from blame for the collision.

There is error, and the cases are remanded with direction to enter judgments for the plaintiffs upon the verdicts of the jury.

In this opinion the other judges concurred.