## Regis Building and Loan Association v. Humphries et ux.

Henry I. Fox, for plaintiff; Fletcher W. Stites, for defendants.

CORSON, J., July 3, 1931.—On or about September 26, 1924, Blanche F. Humphries, one of the above defendants, was the owner of certain real estate situate in the Borough of Narberth, this county. On that date, or a few days thereafter, Blanche F. Humphries mortgaged the said premises to the plaintiff building and loan association in the amount of $4500. In order to comply with the provisions of the Act of June 8, 1893, P. L. 344, Sec. 1, Clarence R. Humphries, the husband of Blanche F. Humphries, joined in the execution of

such mortgage. This mortgage was given as collateral security for a bond in the same amount given by both of the defendants to the plaintiff association.

On February 5, 1931, the plaintiff, in accordance with the warrant of attorney contained therein, entered judgment on such bond and assessed damages in the amount of $4382.82. In accordance with the bond, a writ of fi. fa. was issued and the real estate of the defendant, Blanche F. Humphries, was sold by the sheriff for the price of $965. Subsequently, apparently an alias writ of execution was issued and a levy made on the household goods of the defendants and on six taxicabs owned by the defendant, Clarence R. Humphries, operating under the Fictitious Names Act as the Narberth Taxicab Company.

On March 25th, one day before the day fixed by the sheriff for the sale of such taxicabs, the defendant, Clarence R. Humphries, filed a petition asking that the levy, or, as the petitioner describes it, the attachment, upon the taxicabs of the petitioner be dissolved. Upon a rule to show cause, the plaintiff building and loan association filed an answer and after argument before the court en banc, upon petition and answer, the rule is now before us for disposition.

The petition admits the execution of the bond by the defendant, Clarence R. Humphries, and does not attack the validity either of the bond or of the judgment entered against the petitioner thereon. No reason is alleged in support of the petition for the dissolution of the levy or the attachment except that the petitioner is advised that such levy is invalid and illegal because the taxicabs are the sole and separate property of the petitioner, Clarence R. Humphries. It is apparently the contention of the petitioner that since the other mortgagor, Blanche F. Humphries, was the owner of the real estate covered by the mortgage, therefore, the petitioner is not liable individually upon the bond.

We cannot agree with this contention. While it was necessary, under the Act of 1893, supra, for the petitioner to join with his wife in the execution of the mortgage, he was not required to join in the execution of the bond unless he was willing so to do. When two persons sign a bond of this nature and judgment is entered thereon, each is liable for the full amount of the judgment, and when execution is issued against both defendants, a levy may be made upon the property of either or both. If a sale of the property of one results in sufficient proceeds to satisfy the judgment, the property of the other would not be sold, but it is not within the province of the defendant under such circumstances to decide whose property or which property shall first be sold by the sheriff.

If there is any right of contribution between two defendants upon a bond, that is a matter to be decided in proceedings between them, and the rights of the defendants as between themselves cannot affect the rights of the plaintiff in the execution. The petitioner cites no authority for his contention. So far as we have found, there is no authority for the position taken by the petitioner. The general rule seems to be entirely the contrary; that when a judgment is taken against two defendants jointly, each defendant is liable for the whole debt, and if one debtor pays more than his due proportion, his recourse is upon his codebtor: Jackson v. Roberts, 83 Ga. 358, 9 S. E. 671, 23 C. J. 312; Wise v. Berger, 103 Conn. 29, 130 Atl. 76; Cole v. Roebling Construction Co., 156 Cal. 443, 105 Pac. 255.

And now, July 3, 1931, for the reasons given in the foregoing opinion, the rule to show cause why attachment should not be dissolved is discharged and the stay of proceedings is removed.

From Aaron S. Swartz, Jr., Norristown, Pa.