CARMELA CAVIOTE, ADMINISTRATRIX, (ESTATE OF ANGELINA CINQUE) *vs.* PATRICK F. SHEA ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 10th—decided April 25th, 1933.

*Charles S. Harrison,* with whom, on the brief, was *Milton G. Harrison,* for the appellant (plaintiff).

*Philip Troup,* for the appellant (defendant Valente).

*J. Warren Upson,* with whom, on the brief, was *Lawrence L. Lewis,* for the appellee (defendant Shea).

AVERY, J. The plaintiff brought this action as administratrix of the estate of Angelina Cinque, deceased, against Patrick F. Shea and Bartolomo Valente. In her complaint, she set forth that about ten o'clock in the evening of November 23d, 1931, her intestate was riding as a passenger in an automobile owned and operated by Valente in an easterly direction along the Milford Turnpike in the town of Orange, and that at a point on the highway near the

Paragon Garage, the automobile collided with a truck owned by the defendant Shea, which was headed in the same direction and parked on the southerly side of the highway. She alleged that the driver for defendant Shea was negligent in parking the truck upon the highway without proper lights and not properly guarded under the conditions then and there existing. She alleged that the defendant Valente was operating the automobile, in which her intestate was riding as a passenger, heedlessly and with reckless disregard of the rights of her intestate, in that he was operating it at an excessive rate of speed and without proper lookout. The jury returned a verdict in favor of defendant Shea and against Valente.

From the judgment entered on the verdict, the plaintiff has appealed, as has also the defendant Valente. In the plaintiff's appeal, errors are claimed in the charge of the court. It is necessary to consider only one of the errors assigned by her. From the finding, it appears that the plaintiff claims to have shown by the evidence that, at the time of the accident, there were unusual conditions. It was dark and a very heavy fog rendered travel dangerous. The Milford Turnpike is much traveled; the accident occurred at the bottom of a slight upgrade; there is a hard shoulder on the south side of the traveled portion about seven to nine feet in width; and there was no artificial illumination at that point. The defendant Shea's truck was approximately seven and one half feet wide, and loaded with pianos which protruded beyond the rear for a distance of about two and one half to three feet. It was entirely covered with a dark brown or gray material which blended with the surrounding fog and rendered it extremely difficult to distinguish. A single taillight was attached underneath the body on a bracket, which hung about four

feet ten inches in from the rear of the load and about two and one half feet above the ground. The tail-light was covered with road dirt, and was so placed that the light from it was not visible; the battery was run down so that the lights were dim; and the matting and canvas were so placed over the rear that any possible light or warning from the taillight was completely covered or obscured. The vehicle had been parked on the highway for about fifteen minutes prior to the accident in such manner that it was entirely upon the concrete portion except a part of the right rear dual wheel, which was partly upon the concrete and partly upon the shoulder. At no time, while the truck was parked, did the defendant Shea attempt to drive it off onto the shoulder of the road, or give any warning to travelers of its presence, and he failed to display any light on the rear of it visible to travelers approaching it from that direction.

The evidence offered by Shea disputed these claims of the plaintiff in many particulars. Shea claimed to have proved that the truck was so parked that it was entirely off the concrete and upon the shoulder of the road, except the left half of the rear wheel which was on the southerly edge of the concrete; that the truck was parked on the opposite side of the highway and only a short distance from the Paragon Garage; that the locality was illuminated by electric lights which were lighted at the time of the accident; that the truck was equipped with a rear light and reflector which, at the time, were visible to travelers approaching from the rear for a distance of about one hundred and fifty feet; that the canvas and matting were carefully tied and did not hang down to obscure the rear light or reflector; and that the truck was parked as far off the highway as it was possible without danger, since the shoulder of the road was broken and a bank

rose steeply to the right of where the truck had stopped.

In view of the divergent claims of the parties as to the facts, the plaintiff requested the court to charge the jury that she claimed the defendant Shea was negligent in parking upon the traveled portion of the highway under the circumstances, and that it was a question of fact for them to determine whether a reasonably prudent man would have parked the truck off the traveled part of the highway under the circumstances. The court, however, instructed the jury that while there might be conditions under which a person, parking his automobile on the traveled portion of the highway, might be liable, yet as far as the court could discern from the evidence in this case there was nothing "that this driver did in stopping his truck where he did, whether it is where he says he did or the other witnesses say he did; that is, whether it was on the traveled portion of the highway or not, for the short space of time that he did, for the purpose that he did, that would in any way constitute negligence on his part. . . . If he stopped his car on the highway, even though there may be fog, and had complied with the law, he is not liable. . . . But, as I said before, I do not see that the presence of the fog required him to take any more precautions than the law required him to do." The court would appear to have been under the impression that if the defendant had complied with the statutory requirements as to displaying a red taillight on the rear of his truck, he had done everything required of him under the law, regardless of the unusual conditions existing that night. General Statutes, § 1653, provides: "No vehicle shall be permitted to remain stationary within ten feet of any fire hydrant, or upon the traveled portion of any highway except upon the right hand side of such highway

in the direction in which such vehicle shall be headed; and, if such highway shall be curved, such vehicle shall be so placed that its right hand wheels, when stationary, shall, when safety will permit, be within a distance of twelve inches from the curb." While parking in violation of this statute would constitute negligence, it does not follow that the statute authorizes the parking of a vehicle upon the traveled portion of the highway without other precautions than those expressly required by statute. *Pratt, Read & Co.* v. *New York, N. H. & H. R. Co.*, 102 Conn. 735, 745, 130 Atl. 102. The plaintiff claims in her evidence that the night was unusually dark, and that gusts of fog were blowing across the highway, rendering it very difficult to discern objects, especially objects of such color as the defendant's truck. She further claimed that the truck was so loaded and the rear light so dim, that the vehicle was not visible to a driver approaching from the rear. Upon this state of the evidence, it was a question of fact for the jury to determine whether or not the driver of defendant Shea's truck was negligent in parking it as was done under the circumstances. *Falleo* v. *Byrolly Transportation Co.*, 109 Conn. 500, 504, 147 Atl. 16.

The defendant Valente in his appeal, has assigned error in a particular expression in the charge of the court, referring to the "negligence of the defendants." The court, however, clarified this expression by carefully pointing out that the liability of the two defendants rested upon entirely different theories, and explained each theory fully; that Shea's liability rested upon the theory of negligence, while Valente, the operator of the automobile in which plaintiff's decedent was riding as a guest, was liable only in case his conduct amounted to heedless or reckless disregard of her rights. The different theories upon which the

plaintiff sought recovery against the two defendants were sufficiently stated and explained in the charge of the court, and the jury could not have been misled by the use of the expression "negligence of the defendants."

The defendant Valente also claims that the court erred in charging the jury, as a matter of law, that the driver of the truck could not be held liable for parking it as he did. As we have stated above, this was error for which a new trial must be granted to the plaintiff against the defendant Shea. The error in the instruction, however, against the defendant Shea in no way prejudiced the rights of the defendant Valente. The liability of the two defendants in this case rests on entirely different theories. Although the two defendants were joined, each might have been sued individually, and the cases tried separately; and the fact that the charge of the court was too favorable to the defendant Shea in no way affected the liability of the defendant Valente. Each defendant was responsible for the entire damage if his wrongful act was a substantial factor in producing it, and there would be no contribution between them. *Wise* v. *Berger,* 103 Conn. 29, 32, 130 Atl. 76.

It would not be profitable to discuss the other errors assigned by the appellants.

There is error on the plaintiff's appeal and a new trial is ordered against the defendant Shea; there is no error on the defendant Valente's appeal.

In this opinion the other judges concurred.