**In re GENERAL DYNAMICS ASBESTOS CASES.**

**C.M.L. No. 1.**

United States District Court, D. Connecticut.

Sept. 13, 1984.

Stephen Embry, Matthew Shafner, O'Brien, Shafner, Bartinik, Stuart & Kelly, Groton, Conn., Stanley Levy and Lawrence W. Burnett, pro hac vice, Kreindler & Kreindler, New York City, for plaintiffs.

Wesley W. Horton, Susan M. Cormier, Moller, Horton & Fineberg, Hartford, Conn., Peter B. Ellis, Foley, Hoag & Eliot, Boston, Mass., Richard S. Bartlett, McGann & Bartlett, Vernon, Conn., for intervening plaintiffs.

Frederick B. Tedford, Danaher, O'Connell, Attmore, Tedford & Flaherty, Hartford, Conn., for defendants.

James Ackerman, Ernest Mattei, Day, Berry & Howard, Bourke G. Spellacy, Thomas J. Shortell, Charles F. Corcoran, III, Updike, Kelly & Spellacy, Hartford, Conn., for American Asbestos Textile Corp. a/k/a Amatex.

Joseph Adinolfi, Jr., Joseph A. O'Brien, Joseph P. Fasi, Joseph C. Morelli, James M. Tanski, Hartford, Conn., John Pearson, Bruce Bishop, Willcox, Savage, Dickson, Hollis & Eley, P.C., Norfolk, Va., for Celotex Corp.

Joel J. Rottner, Skelley, Clifford, Vinkels, Williams & Rottner, Hartford, Conn., for Claremont Co., Inc.

Joel J. Rottner, Joseph F. Skelley, Jr., Deborah Samuels Freeman, Skelley, Clifford, Vinkels, Williams & Rottner, Hartford, Conn., for Cummings Insulation.

Edmund T. Curran, David W. Cooney, Hartford, Conn., for Defense Apparel, Inc. (Nuclear & Environmental Protection, Inc.).

Howard B. Field, III, East Hartford, Conn., S. Robert Jelley, William J. Doyle, William H. Prout, Jr., Patrick M. Noonan, Alan G. Schwartz, Wiggin & Dana, New Haven, Conn., William J. Spriggs, Batzel, Nunn & Bode, Washington, D.C., for Eagle Picher.

Robert G. Montstream, Glastonbury, Conn., for Eastern Refractories Co., Inc.

Paul W. Orth, John T. Harris, Hoppin, Carey & Powell, Hartford, Conn., for G.A.F. Corp.

Vincent J. Dowling, Patrick J. Flaherty, Cooney, Scully & Dowling, Hartford, Conn., Gregory C. Willis, Willis & Holahan, Bridgeport, Conn., Joseph Adinolfi, Jr., Joseph P. Fasi, Frederick B. Tedford, Joyce A. Lagnese, L. Wesley Nichols, Danaher, O'Connell, Attmore, Tedford & Flaherty, Hartford, Conn., for Owens-Corning Fiberglas Corp. a/k/a Corning Glass Works Corp.

Maurice T. FitzMaurice, Robert J. Hebron, Edward Spinella, Lawrence H. Lissitzyn, David E. Rosengren, Christopher F. Droney, Reid & Riege, P.C., Hartford, Conn., for Owens-Illinois Corp. and Owens-Illinois Glass Corp.

Hadleigh H. Howd, Hartford, Conn., Peter Ellis, Boston, Mass., Wesley W. Horton, Moller, Horton & Fineberg, Hartford, Conn., for General Dynamics Corp.

John FitzGerald, James M. Moher, Richard S. Bartlett, John Stephen Papa, Howard, Kohn, Sprague & FitzGerald, Hartford, Conn., for H.K. Porter Co., Inc.

Francis J. Wynne, Gould, Killian & Wynne, Hadleigh H. Howd, Winona W. Zimberlin, Gerald S. Sack, Howd & Ludorf, Hartford, Conn., Thomas H. Cotter, John J. Cotter, Bridgeport, Conn., for Johnson Asbestos Corp.

Peter C. Schwartz, Philip J. O'Connor, Gordon, Muir & Foley, Hartford, Conn., for Johns Manville Corp., Johns Manville Products, Inc. and Johns-Manville Sales Corp.

George W. Ripley, Manchester, Conn., Stephen P. Sachner, Robert N. Reynolds,

Jr., Fred A. Hitt, Andrew D. Coleman, Hitt, Mihalakos, Sachner & Coleman, Cheshire, Conn., for Keene Corp.

R. Cornelius Danaher, Jr., Frederick B. Tedford, Joyce A. Lagnese, L. Wesley Nichols, John K. Henderson, Jr., Danaher, O'Connell, Attmore, Tedford & Flaherty, Hartford, Conn., Henry Simon, Newark, N.J., for Pittsburgh-Corning Corp.

Arnold J. Bai, Dennis M. Laccavole, James E. Coyne, Bai, Pollock & Dunnigan, Bridgeport, Conn., for Raybestos Manhattan, Inc.

Thomas J. Hagarty, Richard C. Tynan, Halloran, Sage, Phelon & Hagarty, Hartford, Conn., Jeffrey Silberfeld, Rivkin, Leff, Sherman & Radler, Garden City, N.Y., Frederick B. Tedford, Joyce A. Lagnese, Danaher, O'Connell, Attmore, Tedford & Flaherty, Hartford, Conn., for Sepco Corp.

Kevin D. O'Leary, Bruce H. Stanger, Henry C. Ide, Bailey & Wechsler, Frederick B. Tedford, Joyce A. Lagnese, Danaher, O'Connell, Attmore, Tedford & Flaherty, Hartford, Conn., for Shook & Fletcher Insulation Co.

Richard S. Bartlett, John R. FitzGerald, James T. Haviland, II, John Stephen Papa, James M. Moher, Howard, Kohn, Sprague & FitzGerald, Hartford, Conn., for Southern Textile Corp. f/k/a Southern Asbestos Corp.

Michelle E. Stone, Civ. Div., Dept. of Justice, Washington, D.C., for the U.S. of America.

Gregory C. Willis, Marsh, Day & Calhoun, Bridgeport, Conn., for Westinghouse Elec. Corp.

RULING ON MOTION OF THE UNITED STATES FOR DISMISSAL OR SUMMARY JUDGMENT OF THIRD–PARTY CLAIMS

BLUMENFELD, Senior District Judge.

The plaintiffs brought these actions to recover damages for injuries suffered from exposure to the defendants' asbestos products; the defendants seek non-contractual indemnification or contribution from the United States. The third-party complaints set forth four counts against the United States. The first three are directed to the Department of the Navy (Navy) and sound in simple negligence, active-passive negligence, and breach of implied representations and warranties. The fourth count is directed to the Department of Health, Education and Welfare (HEW) and sounds in negligence; specifically, that HEW breached its duty as a "good samaritan" to warn of the dangers of asbestos. The United States has moved to dismiss these third-party claims for failure to state a claim upon which relief can be granted or for summary judgment.

The United States argues that it is not subject to a third-party claim because it is immune from tort liability to the plaintiffs; however, I rejected this argument in *Brown v. United States*, Civil No. H–76–434 (July 23, 1979). The Federal Tort Claims Act (FTCA) provides that the United States is liable to the third-party plaintiffs "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

The third-party plaintiffs allege that the plaintiffs' injuries were proximately caused by the "active" negligence of the United States: the government negligently drafted specifications for asbestos materials,[1] it failed to warn of the dangers of asbestos exposure, it failed to provide or require others to provide a safe workplace for the plaintiffs, and it failed to impose reasonable regulations and standards relating to the handling of asbestos. The issues raised by the motion to dismiss or for summary judgment on these claims were considered in *In re All Maine Asbestos Litiga-*

---

1. This claim is akin to the government contract defense which was asserted as a complete defense to liability in these actions. That defense was rejected in *In re General Dynamics Asbestos Cases,* C.M.L. No. 1 (Aug. 22, 1984).

*tion,* 581 F.Supp. 963 (D.Me.1984) (Gignoux, J.). In that case, the third-party plaintiffs' claims based on the promulgation of specifications were rejected for failure to state a claim. *Id.* at 979. Summary judgment was granted on the "good samaritan" claim because the government's conduct was not sufficient to constitute an undertaking of an affirmative obligation to warn shipyard workers of the dangers of asbestos. *Id.* at 977–79. I concur in Judge Gignoux's analysis of these issues.

 Judge Gignoux did not dismiss or grant summary judgment on the third-party plaintiffs' claims based on the government's obligation, as owner of the vessels on which the plaintiffs worked, to provide a safe workplace. *Id.* at 975–77. Claims against the United States under the FTCA are governed by state law; however, the claims of these plaintiffs against the United States as vessel owner are governed by the Longshoremen's and Harbor Workers' Compensation Act (LHWCA). 33 U.S.C. § 905(b); *Scindia Steam Navigation Co. v. De Los Santos,* 451 U.S. 156, 165 n. 13, 101 S.Ct. 1614, 1621 n. 13, 68 L.Ed.2d 1 (1981). Judge Gignoux held that the third-party plaintiffs had stated a claim that the United States had breached its duty to the *plaintiffs.* Although Judge Gignoux noted that the claims were for noncontractual indemnification or contribution, the opinion did not discuss whether the third-party plaintiffs had a right to contribution.

 The Supreme Court has created a right of contribution among joint tortfeasors under maritime law.[2] *Cooper Stevedoring Co. v. Fritz Kopke, Inc.,* 417 U.S. 106, 94 S.Ct. 2174, 40 L.Ed.2d 694 (1974). But the Supreme Court has explicitly stated that it has not decided whether the maritime rule of contribution applies to third-party claims under the LHWCA which are not within the admiralty jurisdiction. *Edmonds v. Compagnie Generale Transatlantique,* 443 U.S. 256, 272 n. 31, 273, 99 S.Ct. 2753, 2762 n. 31, 2763, 61 L.Ed.2d 521 (1979). These cases are not within the admiralty jurisdiction of the federal courts. *Keene Corp. v. United States,* 700 F.2d 836 (2d Cir.), *cert. denied,* ── U.S. ──, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983); *Austin v. Unarco Indus., Inc.,* 705 F.2d 1 (1st Cir.), *cert. denied,* ── U.S. ──, 104 S.Ct. 34, 77 L.Ed.2d 1454 (1983). These third-party claims against the United States as vessel owner must be brought under 33 U.S.C. § 905(b),[3] *i.e.,* the LHWCA, but they are not within the admiralty jurisdiction. There are not many cases dealing with the question which was left open in *Edmonds,* but the Eleventh Circuit has held that because there is no admiralty jurisdiction over this type of case state law governs the claims for contribution or indemnity. *Harville v. Johns-Manville Products Corp.,* 731 F.2d 775, 778, 787 & n. 9 (11 Cir.1984). (In *Harville,* the Alabama law applied, which does not permit contribution among joint tortfeasors.) I conclude that Connecticut law rather than maritime law governs the third-party plaintiffs' claims for contribution or indemnity.

### Connecticut Law

 Ordinarily, there is no right to contribution among joint tortfeasors under Connecticut law but where one party's negligence is "active," that party can be required to indemnify a party whose liability is based on "passive" negligence. *Kaplan v. Merberg Wrecking Corp.,* 152 Conn. 405,

---

**2.** However, in other areas of federal common law, the Supreme Court has been unwilling to create a right of contribution among joint tortfeasors. *Northwest Airlines, Inc. v. Transport Workers,* 451 U.S. 77, 95–99, 101 S.Ct. 1571, 1582–1584, 67 L.Ed.2d 750 (1981) (employment discrimination); *Texas Indus., Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 641–42, 101 S.Ct. 2061, 2067, 68 L.Ed.2d 500 (1981) (antitrust); *see also Matter of Oswego Barge Corp.,* 664 F.2d 327, 335–36 (2d Cir.1981) (Newman, J.).

**3.** That section provides, in part:

In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party .... The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter.

207 A.2d 732 (1965). The reason for this rule is to prevent the injustice of placing liability on one whose fault is of a much lesser magnitude:

> Where two parties are jointly liable in respect to a tort, one of them for the reason that he is the actual wrongdoer, and the other for the reason that the tort constituted a violation of a positive duty, the latter is entitled to recover from the former the amount which he has been compelled to pay as damages for the injury. The rationale of this rule is that the latter party is chargeable merely with 'constructive fault' and is consequently not in pari delicto with the former. In this point of view, the applicability of the rule is negatived, wherever it appears that the party seeking indemnity was himself guilty of affirmative misconduct which was a proximate cause of the injury in question.

*Preferred Accident Ins. Co. v. Musante, Berman & Steinberg Co.*, 133 Conn. 536, 542, 52 A.2d 862 (1947).

 Passive negligence is generally limited to constructive or technical fault, *see* 41 Am.Jur.2d Indemnity § 20 at 706–10 (1968); W. Prosser, *Law of Torts* § 51 at 311–12 (4th ed. 1971), as where an owner of property is held liable for an injury on his property resulting from a dangerous condition caused by another working on his property. *See Kaplan, supra; Fidelity & Casualty Co. v. Jacob Ruppert, Inc.*, 135 Conn. 307, 63 A.2d 849 (1949). Even assuming that the United States was guilty of "active" negligence, it does not follow that the third-party plaintiffs are entitled to indemnification. The third-party plaintiffs manufactured the asbestos products which caused the plaintiffs' injuries; as such, they cannot be considered to have been only passively negligent. At best, then, the third-party plaintiffs can establish only that the government was a joint tortfeasor. The manufacturers thus are not entitled to contribution or indemnity. *See Caviote v. Shea*, 116 Conn. 569, 165 A. 788 (1933).

For the foregoing reasons, the government's motion to dismiss is granted.

SO ORDERED.