[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Jane C. Stevens, brings this action against the defendant, Alan Barry Associates, LLC, and Albert Lourenco, claiming vexatious suit and abuse of process.
The plaintiff alleges that on August 5, 1997, the defendant, Albert Lourenco, instituted legal action against her.
The defendant, Alan Barry Associates, LLC, represented Albert Lourenco in that action, which sought damages arising out of an altercation between the plaintiff and the defendant, Albert Lourenco.
The plaintiff alleges that the initial suit, Docket No. CV97-0328622 S, returnable to the Judicial District of Danbury, terminated in her favor.
She now brings this action against the defendants, claiming that the previous action was initiated without probable cause.
She further claims that she sustained both financial and emotional losses as a result of the initial suit.
On March 31, 1999, the defendant, Albert Lourenco, filed a crossclaim against the co-defendant, Alan Barry Associates, LLC, seeking indemnification in the event that any liability is found against him.
The defendant, Albert Lourenco, claims that the co-defendant, Alan Barry Associates, LLC, was in control of the litigation instituted in 1997, to the exclusion of the defendant, Albert Lourenco.
The crossclaim further alleges that the defendant, Albert Lourenco, had no knowledge that the defendant, Alan Barry 
Associates, would be negligent, and that such negligence could not have been reasonably anticipated.
The defendant, Alan Barry Associates, moves to strike the crossclaim arguing that it is insufficient as a matter of law. CT Page 16717
Alan Barry Associates claims that both of the tortious claims alleged in the instant action, vexatious suit and abuse of process, are intentional torts, and cannot form the basis of a common law claim for indemnification.
Alan Barry Associates, LLC, maintains that indemnification claims are available only in actions sounding in negligence.
 STANDARD OF REVIEW
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142
(1989); McAnerney v. McAnerney, 165 Conn. 277, 282 (1973).
If facts provable in a complaint would support a cause of action, the motion to strike must be denied. Waters v. Autuori,236 Conn. 820, 825-26 (1996).
In ruling on a motion to strike, the court must construe all facts alleged in a complaint in the light most favorable to the nonmoving party, in this case, the defendant, Albert Lourenco.Rowe v. Godou, 209 Conn. 273, 278 (1988); Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170 (1988). The inquiry is limited by the facts alleged in the complaint. Cavallo v. DerbySavings Bank, 188 Conn. 281, 285-86 (1982).
While a motion to strike admits all well pleaded facts, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985).
 INDEMNIFICATION IS NOT AVAILABLE FOR INTENTIONAL TORTS
As a general rule, there is no right of indemnity or contribution between joint tortfeasors at common law. Kyrtatas v.Stop Stop, Inc., 205 Conn. 694, 697 (1988). Each defendant is responsible for the entire damage if his wrongful act was a substantial factor in producing it. Caviote v. Shea,116 Conn. 569, 575 (1933).
An exception to this common law rule is found in those instances in which the party seeking indemnification can prove the following: (1) the other tortfeasor was negligent; (2) that negligence, rather than the negligence of the party seeking to be CT Page 16718 indemnified, was the direct and immediate cause of the accident or injuries; (3) the joint tortfeasor was in control of the situation to the exclusion of the party seeking indemnification; and (4) the party seeking indemnification did not know of the other party's negligence, had no reason to anticipate it, and could reasonably rely upon that party not to be negligent.Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 698 (1977);Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 416
(1965).
In this case, both counts plead intentional torts rather than negligent conduct.
Vexatious suit is an intentional tort containing three elements: (1) the prosecution of a civil lawsuit; (2) with malice; and (3) without probable cause. McGann v. Allen,105 Conn. 177, 185 (1926).
Abuse of power is also an intentional tort, where the gravamen of the action is the abuse of process, primarily to accomplish a purpose for which it was not intended. Mozzichi v.Beck, 204 Conn. 490, 494 (1987); Honan v. Dimyan,52 Conn. App. 123, 130 (1999).
Because the underlying claims involve intentional torts, the defendant, Albert Lourenco, is unable to meet the test for common law indemnification. The four part test cannot be met. Fortin v.Bok, 1991 WL 112720, 6 C.S.C.R. 642, 643 (Ballen, J.).
The motion to strike of the defendant, Alan Barry 
Associates, LLC, is granted.
Radcliffe, J.