CELIA ROSE *vs.* ALEX HEISLER ET AL.

ANTONE ROSE *vs.* ALEX HEISLER ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued June 7th—decided July 16th, 1934.

*William J. Larkin, Jr.,* with whom, on the brief, was *David R. Woodhouse,* for the appellant (defendant Heisler).

*Sidney S. Cassel,* with whom, on the brief, was *Yale Matzkin,* for the appellees (plaintiffs).

*Daniel D. Morgan,* for the appellee (defendant Widman).

MALTBIE, C. J.   The plaintiffs brought these actions to recover for injuries suffered in an antomobile collision, against Heisler, the driver of the car in which they were riding as guests, and Widman, the driver of the other car involved in the collision.   The jury rendered a verdict that the plaintiffs recover against Heisler but in favor of Widman.   Heisler moved that the entire verdict be set aside and from the denial of that motion has appealed.   Widman has moved in this court that the appeal be dismissed as to him. The principles announced in *Chapin* v. *Babcock,* 67 Conn. 255, 256, 34 Atl. 1039; *Sparrow* v. *Bromage,* 83 Conn. 27, 74 Atl. 1070; *Donnarumma* v. *Korkin,* 97 Conn. 223, 116 Atl. 178, and *Caviote* v. *Shea,* 116 Conn. 569, 575, 165 Atl. 788, lead to a conclusion that the motion should be granted, but we are asked to re-examine them.   If the illegal conduct of each of the defendants was a proximate cause of the collision, they would be liable jointly and severally, the plaintiff would have a right to recover the entire amount of damages awarded from either, and, if he did so, the defendant paying them would have no right of contribution against the other; or the plaintiff might have sued either alone, and of course in the event of a recovery, that one would have been compelled to pay the entire amount of damages.   *Caviote* v. *Shea, supra.* The legal liability of the defendant Heisler would be no greater or no less whether the action, if retried, resulted in a judgment against both or, Widman not being a defendant, in a judgment against Heisler alone. The only advantage to him from the setting aside of the verdict in favor of Widman would be the possibility of some benefit to him in the course of the trial

from the presence of Widman as a joint defendant or that, in the event of a judgment against both, the plaintiff would elect to get satisfaction, in whole or in part, from Widman. These are not sufficient reasons for continuing the litigation against Widman, where the plaintiff has acquiesced in the judgment holding him not liable. The motion to dismiss the appeal as to Widman is granted.

If the jury believed the testimony of certain of the witnesses, as they had a right to do, they might have found the circumstances of the accident to be these: Heisler was traveling westerly on East Main Street in Waterbury, late in the afternoon of a November day when it was already dark. Approaching the point where Hamilton Street intersects East Main Street from the south, the "Stop and Go" light showed red, and he stopped easterly of the crosswalk running from the southeast corner of the two streets. When the light turned green, he started slowly, in first gear, went only a few feet and then made a left turn to enter Hamilton Street. This street broadens as it comes to East Main Street so that, along an extension of the southerly curb line of the latter street across the opening, the distance between curbs is about one hundred feet. Heisler's turn was a considerable distance to the left of the center of the intersection. He gave no signal of his intention to turn and did not blow his horn. Widman was proceeding easterly on East Main Street and when he came to the intersection the light already showed green. He was going at a speed of thirty to thirty-five miles an hour. He proceeded straight through the intersection, looking ahead, and did not see Heisler's car until he was almost upon it. The collision occurred on the southerly side of East Main Street only a few feet westerly of an extension of the east curb line of Hamilton Street. After

Heisler started his car into the intersection, the plaintiff Antone Rose noticed the Widman car approaching, then at a distance of one hundred to one hundred and fifty feet and going at a fast speed. He called Heisler's attention to it, whereupon Heisler said he would make the driver of the other car stop; and when Rose again warned him of the likelihood of an accident, Heisler replied, "Never mind."

Heisler, in violation of the requirements of the statutes, gave no signal of his intention to turn and made the turn considerably to the left of the center of the intersection; his car was going so slowly that he could have stopped it in a very short distance; warned of the danger of a collision, and at least when that warning was given, aware of the approach of the other car, he went forward, in the very face of danger, with intent to place the entire burden of avoiding injury to the occupants of his car upon Widman. Whether his conduct amounted to a reckless disregard of the safety of the occupants of his car presented an issue of fact for the jury. *Coner* v. *Chittenden,* 116 Conn. 78, 163 Atl. 472.

There is no error.

In this opinion the other judges concurred.