CHARLOTTE METCALF, Respondent, *v.* MARION REYNOLDS, Appellant, Impleaded with Others.

(Submitted March 5, 1935; decided April 16, 1935.)

*Alfred T. Tompkins* and *Charles J. Gardella* for appellant.

*David H. Moses* and *Albert A. Verrilli* for respondent.

CRANE, Ch. J.   This automobile collision occurred in Connecticut, and we are, therefore, called upon to apply the Connecticut law.

The General Statutes of Connecticut, section 1628, commonly known as the " guest statute," provide as follows:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his heedlessness or his reckless disregard of the rights of others."

We are to determine on this appeal whether the defendant was heedless and reckless within the meaning of these words as applied by the Connecticut cases.

At about 6:15 o'clock on the afternoon of August 11, 1932, the plaintiff was riding as a guest in defendant's car, a Dodge sedan. The defendant was driving, and the plaintiff sat in the rear seat with the defendant's mother. They had been for a ride, and intended to call at the home of Preston Z. Jones, who lived on North Stamford avenue, Stamford, Connecticut. They were proceeding south along North Stamford avenue, which runs practically north and south, and is paved with a two-strip concrete road, about twenty feet wide. The road was dry. Jones' house was on the west side of the avenue, or on the defendant's right as she drove along. To turn into the driveway defendant was obliged to turn to the right. While she was making this turn to go up the driveway to the house of Mr. Jones the car was struck in the rear by another car driven by the defendant, Arthur Dick, injuring the plaintiff. According to the testimony of Mr. Dick, and the other evidence most favorable to the plaintiff, Mrs. Reynolds was guilty of negligence. This of course she denies, but we are obliged on this appeal to take the evidence most strongly against her. Proceeding towards Jones' driveway, she turned a little to the left or over the center of the road, and then to the right to enter the driveway, which ran up a hill, but in so doing failed to put out her hand or to give other warning of her intention. Dick says for this reason he ran into her car.

Ordinary negligence, however, is not sufficient to make the defendant liable under the Connecticut statute. The collision must have been caused by her heedlessness or reckless disregard for the rights of others. The Connecticut cases, in applying this statute, have said:

" Act or conduct in reckless disregard of the rights of others is improper or wrongful conduct and constitutes wanton misconduct, evincing a reckless indifference to consequences to the life, or limb, or health, or reputation or property rights of another." (*Bordonaro* v. *Senk*, 109 Conn. 428, 431.)

" Conduct arising from momentary thoughtlessness, inadvertence or from an error of judgment, does not indicate a reckless disregard of the rights of others." (*Ascher* v. *Friedman, Inc.*, 110 Conn. 1, 4.) To the same effect, *Anderson* v. *Colucci* (116 Conn. 67).

In *Latham* v. *Hankey* (117 Conn. 5, 9) the court said: " By the settled construction of this statute, the liability of. the operator is limited to two classes of cases; first, where he is guilty of intentional misconduct, and second, where he acted in heedless and reckless disregard of the rights of the passenger, and this contemplates something more than mere negligence — the failure to exercise the care of a reasonably prudent person under the circumstances." (See, also, *Rose* v. *Heisler*, 118 Conn. 632; *Vanderkruik* v. *Mitchell*, 118 Conn. 625, and *Silver* v. *Silver*, 108 Conn. 371.)

We think the plaintiff has failed to prove the defendant guilty of more than ordinary negligence, or that her conduct amounted to a heedless and reckless disregard of the rights of others, as those words have been applied and interpreted by the courts of Connecticut.

The defendant was not proceeding at an excessive rate of speed. She was approaching on a clear road, a house into the driveway of which she was to turn, and in making the turn to go up the incline of a hill which constituted the driveway, she did so without signal or putting out her

hand. This was negligence, without doubt, a thoughtlessness or forgetfulness of her duty to others on the road, but it did not amount to a heedlesss and reckless disregard of the rights of others. These words mean more than ordinary negligence. They indicate wanton misconduct or a reckless indifference to consequences. Such was not the defendant's conduct. True, before making the turn, she went slightly to the left and over the middle line of the road, as is frequently done in turning into driveways running at right angles to the road, but this was all part of the act of turning, made perilous by the failure to give the warning. Neither the left swing nor the speed was negligence; this consisted in the omission of a signal of any kind. This court has given a similar interpretation as the Connecticut courts to the words " culpable negligence." (*People* v. *Angelo*, 246 N. Y. 451.)

For the failure of the plaintiff to bring the defendant's conduct within this statute of Connecticut, the judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.