BEVERLY FAY RITCHEY, an Infant under the Age of Fourteen Years, by Her Guardian ad Litem, WILLIAM F. RITCHEY, and WILLIAM F. RITCHEY, Individually, Respondents, v. EVELYN CRUDELLE and ALBERT CRUDELLE, Appellants. CAROLINE M. RITCHEY and WILLIAM F. RITCHEY, Respondents, v. EVELYN CRUDELLE and ALBERT CRUDELLE, Appellants.— Actions brought (1) by the infant plaintiff (respondent) Beverly Fay Ritchey to recover damages for personal injuries sustained through the alleged negligence of the defendants, and by her father, William F. Ritchey (respondent), to recover damages for loss of the infant's services; and (2) by the plaintiff Caroline F. Ritchey (respondent) to recover damages for personal injuries sustained by the same alleged negligence, and by her husband, plaintiff William F. Ritchey (respondent), to recover damages for loss of his wife's services. The accident occurred through collision of automobiles at a street intersection in Connecticut. Upon the joint trial of the actions before the court and a jury, each plaintiff was awarded a verdict against the defendants for damages. From judgments in favor of the plaintiffs on those verdicts and from

separate orders denying motions of the defendants to set aside such verdicts and for a new trial, the defendants appeal. The orders appealed from are not in the record. Judgments of the City Court of Yonkers reversed on the law, with costs, and complaints dismissed, with costs. Appeals from orders dismissed. As the accident happened in Connecticut, the law of Connecticut is applicable. (*Fitzpatrick* v. *International R. Co.*, 252 N. Y. 127; *Benton* v. *Safe Deposit Bank*, 255 id. 260; *Master* v. *Horowitz*, 237 App. Div. 237; affd., 262 N. Y. 609; *Metcalf* v. *Reynolds*, 267 id. 52.) The infant plaintiff and her mother were guests in the car of defendant Albert Crudelle, operated by his wife, defendant Evelyn Crudelle. The Connecticut statute relating to an automobile guest (Conn. Public Acts of 1927, chap. 308; General Statutes of Connecticut [Revision of 1930], § 1628) applies. That statute permits a cause of action for damages against an owner or operator of an automobile for injury or death of a guest, or loss to such a guest, only if " such accident shall have been intentional on the part of such owner or operator or caused by his heedlessness or his reckless disregard of the rights of others." Concededly, the accident involved was not intentional on the part of either defendant. There is no proof that it was caused by " heedlessness " or " reckless disregard of the rights of others " on the part of the defendants or of either of them. At most the record contains proof of simple negligence only. No plaintiff proved facts sufficient to constitute a cause of action in that phase of the case which relates to the alleged negligence of the operator. (*Metcalf* v. *Reynolds*, 267 N. Y. 52; *Mastruzzi* v. *Aloi*, 269 id. 637.) As to the claimed defective brakes, the plaintiffs failed to establish a cause of action within the purview of the rulings in *Higgins* v. *Mason* (255 N. Y. 104) and *Johnson* v. *Bullard Co.* (95 Conn. 251; 111 A. 70). Nor was a causal connection established between the brakes and the happening of the accident. (*Martin* v. *Herzog*, 228 N. Y. 164, 170; *Knapp* v. *Gould Automobile Company, Inc.*, 252 App. Div. 430, 434; *Shaughnessy* v. *Morrison*, 116 Conn. 661, 666; 165 A. 553.) Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.