854

ROBERT BLACK, Plaintiff, *v.* STONE & WEBSTER ENGINEERING CORPORATION, Defendant.

Supreme Court, Trial Term, Richmond County, June 7, 1943.

*Herman Methfessel* for plaintiff.

*John P. Carson* and *Reginald V. Spell* for defendant.

RUBENSTEIN, J. Plaintiff, a boilermaker, sues to recover for personal injuries he sustained when he was struck by a falling board while working for Babcock & Wilcox Co., subcontractor of a job for the construction of an extension to a steam power plant at Stamford, Connecticut. The defendant was the general contractor.

Both plaintiff's employer and defendant had obtained for the benefit of their employees insurance in pursuance of the Connecticut Workmen's Compensation Act. (General Statutes of Conn., § 5223 *et seq.*, as amd.) The plaintiff signed an agreement with the employer to be paid compensation pursuant to such statute and the agreement was approved by the Industrial Commission of that State, and plaintiff was paid such compensation until June 30, 1942. Upon cessation of such payments he instituted this action to recover damages for common-law negligence. After trial the jury brought in a verdict for plain-

tiff for $17,500. This is not excessive considering the extent of plaintiff's injuries. The jury also returned a verdict answering in the affirmative a special question submitted to it as to whether or not the defendant, Stone & Webster Engineering Corporation, was in control of the premises on which the work was being done on February 6, 1941, the date of the accident. It may be noted further that plaintiff, at the time of his injuries, was a resident of New York and his employment was solicited in that State.

In a transitory action such as this based on tort, the *lex loci*, not the law of the forum, controls and will be enforced in the courts of the forum unless public policy forbids. (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99, 106; *Metcalf* v. *Reynolds*, 267 N. Y. 52; *Salimoff* v. *Standard Oil Co.*, 262 N. Y. 220, 226, 227; *Ritchey* v. *Crudelle*, 255 App. Div. 886; *Voshefsky* v. *Hillside Coal & Iron Co.*, 21 App. Div. 168; *Travelers Ins. Co.* v. *Central R. R. Co. of N. J.*, 143 Misc. 589.)

The laws of the foreign jurisdiction must be proved the same as facts are established, but after such proof is given, the construction and the effect of such statutes or judicial opinions are then questions of law for the court. (*Bank of China, etc.*, v. *Morse*, 168 N. Y. 458, 469, 470.)

In accordance with this rule, the defendant produced as a witness a member of the Connecticut Bar who gave testimony as to the law of that State applicable to the questions presented here. After a careful consideration of his testimony and the pertinent statutes and decisions of the courts of the State of Connecticut, the court concludes that under the Workmen's Compensation Law of that State the principal employer or general contractor, his subcontractor and their respective insurers, if any, are equally responsible to the plaintiff for compensation for the injuries received by him during the course of his employment. At the trial plaintiff contended that the Connecticut compensation statute had no application to him for the reason that the work which he was doing was not being done on premises under the defendant's " control ". It was admitted that facts bringing the defendant within the other provisions of the Connecticut compensation statute were present. The special verdict of the jury establishes that defendant was in control of the premises in which plaintiff was injured. Therefore, the court is of the opinion that the Connecticut Workmen's Compensation Act is applicable to the facts in this case and plaintiff, having made a claim and having accepted an award thereunder, is now estopped and barred from any recovery

in this action which, as heretofore noted, is predicated upon the common-law liability of the defendant contractor. (*Bogoratt v. Pratt & Whitney Aircraft Co.,* 114 Conn. 126; *Banks* v. *Howlett Co.,* 92 Conn. 368; *Douthwright* v. *Champlin,* 91 Conn. 524.)

Moreover, it also appears that the foregoing decisions of the Connecticut courts are in accord with the adjudicated cases in this State and are nowise offensive to our pronounced public policy. (*Matter of Amaxis* v. *Vassilaros, Inc.,* 258 N. Y. 544; *Matter of Copeland* v. *Foundation Co.,* 256 N. Y. 568; *Matter of Cameron* v. *Ellis Constr. Co.,* 252 N. Y. 394; *Barnhart* v. *American Concrete Steel Co.,* 227 N. Y. 531, 537; *Colqizzi* v. *Pennsylvania R. R. Co.,* 208 N. Y. 275.)

Defendant's motions to set aside the general verdict of the jury and to direct a verdict in its favor are granted. All other motions are denied with thirty days' stay and sixty days to make a case.