ARTHUR L. GRISWOLD *v.* THE CONNECTICUT COMPANY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 14—decided July 20, 1944.

*DeLancey S. Pelgrift,* for the appellant (defendant Diamond Ginger Ale, Inc.).

*Frank Covello,* for the appellant (defendant Weir).

*Jacob Schwolsky,* with whom was *Henry C. Stone,* for the appellee (plaintiff).

JENNINGS, J. The plaintiff was injured because of the sudden stopping of a Connecticut Company bus which he had boarded at the Hartford Railroad Station. The bus was stopped by its operator shortly after leaving the station to avoid a collision with a car belonging to the defendant Diamond Ginger Ale Company and driven by the defendant Weir when it made a right turn into Spruce Street in front of the bus. The jury found in favor of the Connecticut Company and against the other defendants. Answers to interrogatories showed that the injuries were found to be due solely to the negligence of the latter. The only errors assigned are directed to the charge as delivered.

There was no dispute about the general situation as outlined above. Additional claims of proof of the plaintiff were that Weir was to the rear of the bus

when it started, that he knew that the bus route was west on Asylum Street, that he gave no signal of his intention to turn and that the bus driver did not see Weir's car until it was a foot or two in front of him, when a traffic officer shouted to him to stop. The Connecticut Company claimed that its driver signalled his intention to turn out from the curb and then for the first time saw the Weir car cutting into his path a foot or two from his left front corner post. Weir claimed that the bus driver gave no signal and he assumed that the bus would fall in behind him; that the bus was stationary at the curb when he passed it; and that, unknown to him, it proceeded on his right. He also claimed that he neither intended to nor did impede or obstruct traffic.

The appealing defendants complain that the charge on the effect of an emergency was not sufficiently explicit. This stated the rule applicable only to the conduct of the Connecticut Company. Where a plaintiff claims that the negligence of two or more defendants is the proximate cause of the injuries suffered, one defendant cannot complain because the charge was too favorable to another defendant, since, if both are liable, they are liable jointly and severally. *Rose* v. *Heisler*, 118 Conn. 632, 174 Atl. 66. It follows that, even if the charge was erroneous in this respect, the appealing defendants cannot complain. The rule was applied to the facts in an earlier portion of the charge.

The second assignment of error is directed to a charge that a car passing a parked car must, under the statute, clear the rear of the parked car by twenty feet before returning again to the right of the road. This cannot be held harmful error. The Connecticut Company claimed Weir passed the bus when it was moving; Weir claimed that the bus was parked. In the preceding sentence, the court said: "I would say to

you that if the bus was stopped as Weir came abreast of it, and there was no indication that it was about to start out from the curb, then the statute would not be applicable." In view of this clear statement, amplified and applied to the facts in another part of the charge, the appealing defendants cannot have been harmed by the somewhat indefinite charge which followed.

The other assignments are without merit. The traffic situation was rather unusual. No question of excessive speed was involved. Reading the charge as a whole, it described the general situation to the jury and their answers to the five interrogatories were consistent and showed good comprehension of the somewhat intricate issues. "If our jury system is to continue to be a practical, working one, and productive of reasonably satisfactory results, it must be given a chance to operate within human limitations as respects both judge and jury, and have reasonable presumptions applied to its operation. Substantial errors will be committed for which a remedy must be given, but an appellate court ought not to be expected to create substance out of shadows, to conjure up errors out of trifles, or to seek for judicial irregularity by microscopic processes, speculative imaginings, or refined reasoning." *Foote* v. *Brown*, 81 Conn. 218, 227, 70 Atl. 699.

There is no error.

In this opinion the other judges concurred.