**FRIEND v. MIDDLE ATLANTIC TRANSP. CO. et al. (FRIEND, Third Party Defendant).**

**No. 1178.**

District Court, D. Connecticut.

April 12, 1945.

M. J. Blumenfeld and Pelgrift & Blumenfeld, all of Hartford, Conn., for plaintiff.

Philip R. Shiff, of New Haven, Conn., for defendants and third-party plaintiff.

Charles H. Blackall, of Hartford, Conn., for third-party defendant.

SMITH, District Judge.

This action was brought by a resident of Connecticut against a New York corporation and an Ohio resident in the Superior Court for Hartford County for damages for a motor vehicle collision alleged to have been caused by the negligence of the defendants. The action was removed to this court by the New York corporation defendant which thereafter, together with the Ohio citizen defendant, moved to make the husband of the plaintiff, a Connecticut citizen, third-party defendant in the action on the ground that the third-party defendant was, or might be, liable to the plaintiff. The motion was granted and the third-party defendant cited in. Thereupon the plaintiff amended, adding a claim that the collision was also caused by the negligence of the third-party defendant. The third-party defendant has filed what he terms a plea to the jurisdiction, moving to dismiss on the ground of a lack of diversity of citizenship between himself and the plaintiff and because no contribution between joint tort-feasors is provided by Connecticut law.

The third-party defendant has also moved to strike out the amendment to the original complaint of the plaintiff on the ground that she had waived the right to amend by her failure to include the third-party defendant as a defendant in the action originally in the state court and on the ground that jurisdiction is lacking in this court because of the lack of diversity of citizenship between the plaintiff and the third-party defendant.

Insofar as the third-party defendant's position is based upon a lack of power to force the plaintiff to accept the third-party defendant as a party and require the plaintiff to claim against the third-party defendant, under the doctrine of Brown v. Cranston, 2 Cir. 1942, 132 F.2d 631, 148 A.L.R. 1178, the later decision of Bates v. Miller, 2 Cir. 1943, 133 F.2d 645, is square-

ly against him on the facts of this case, since both in the Bates case and here the original plaintiff has accepted the tender to him of the third-party defendant and has amended to claim against the third-party defendant for alleged negligence. The report of the Bates case, however, as the third-party defendant herein points out, does not indicate whether the plaintiff and the third-party defendant were of the same citizenship so as to raise the question of the power of the Court to take jurisdiction on the third-party complaint and amendment to the original complaint where diversity of citizenship would have been lacking if the plaintiff had originally claimed against the third-party defendant as well as the original defendants. Nor were the plaintiff and third-party defendant of the same citizenship in either the Lewis or Dworkin cases, in this district, relied on by the defendants. Lewis v. United Air Lines Transport Corporation, D.C. 1939, 29 F.Supp. 112; Dworkin v. Spector (Wright), D.C.1944, 3 F.R.D. 340.

There is a division of authority on this question and there is some weight in the argument that taking jurisdiction in such a case may provide opportunity for a roundabout entry into the Federal courts in action between citizens of the same state by collusion with the noncitizen original and nominal defendant. This danger, if it exists, at least until it actually appears in practice, should not be allowed to destroy the economy provided by the third-party practice where the plaintiff is willing, as in this case, to determine all the questions growing out of the collision in one action. See 1 Moore, Federal Practice, 781, on the ancillary nature of the third-party proceeding, and see Lewis v. United Airlines Transport Corporation, supra; Satink v. Holland Township, D.C.N.J.1939, 28 F. Supp. 67. United States v. Pryor, D.C.N. D.Ill.1940, 2 F.R.D. 382; Myer v. Lyford, D.C.M.D.Pa.1942, 2 F.R.D. 507; 44 Yale L. J. 1291, 1322, 45 Yale L.J. 393, 417 et seq.; Bossard v. McGwinn, D.C.W.D.Pa.1939, 27 F.Supp. 412.

Moore would not go so far as to take jurisdiction of a plaintiff's claim against a third-party defendant of the same citizenship. 1 Moore, Federal Practice, 748,— 1944 Supplement, 760, 761 and see Hoskie v. Prudential, D.C.E.D.N.Y.1941, 39 F. Supp. 305, and concurring opinion of Minton, J., in People of State of Illinois for Use of Trust Co. of Chicago v. Maryland

Casualty Co., 7 Cir. 1942, 132 F.2d 850, 853 ff.

Yet we have in "separable controversy" cases the example of the exercise of Federal jurisdiction over the entire case upon removal based on the existence within the case of a separable controversy between citizens of different states. In third-party practice as well, where the original plaintiff and the original defendant are properly before this court under jurisdiction given by the Constitution and the statutes, it should, so far as jurisdiction over the subject matter is concerned, require no new constitutional or statutory grant of power to enable it to do "final and complete justice as between all parties affected by or liable on account of the same set of facts." See discussion by Judge Chesnut, Tullgren v. Jasper, D.C.Md.1939, 27 F.Supp. 413.

The plea to the jurisdiction and motion to dismiss of the third-party defendant, Fred J. Friend, is denied.