## FRIEND v. MIDDLE ATLANTIC TRANSP. CO. et al.

### No. 201.

Circuit Court of Appeals, Second Circuit.

Feb. 27, 1946.

Charles H. Blackall, of Hartford, Conn. (George H. Cohen and Naaman Cohen, both of Hartford, Conn., on the brief), for third-party defendant-appellant Fred J. Friend.

M. J. Blumenfeld, of Hartford, Conn. (M. M. Koskoff, of Plainville, Conn., and George Muir, of Hartford, Conn., on the brief), for plaintiff-appellee Bertha Friend.

Before SWAN, CLARK and FRANK, Circuit Judges.

CLARK, Circuit Judge.

■ May a defendant cause a third party to be brought into a federal civil action under Federal Rules of Civil Procedure, rule 14, 28 U.S.C.A. following section 723c, to answer, along with it, to the *plaintiff's* claim, where the plaintiff and such party are citizens of the same state and federal jurisdiction does not otherwise appear? That is the issue squarely presented here, and we think it must be answered in the negative. Notwithstanding the undoubted convenience of extensive joinder in cases such as this, we must observe the established boundaries of federal jurisdiction, which the rules do not enlarge. F.R. 82.

Plaintiff and her husband, the third-party defendant, reside in Plainville, Connecticut. Plaintiff brought suit in a Connecticut state court for damages for personal injuries sustained in a collision in Plainville between the automobile in which she was riding, operated by her husband, and a truck owned by defendant Middle Atlantic Transportation Company, a New York corporation, and operated by defendant Martin, a citizen of Ohio. Defendants first procured the removal of the action to the federal court and then obtained an order for the citing in of the defendant husband. Thereafter plaintiff amended her complaint to claim that her injuries were also due to the negligence of the third-party defendant, and the latter filed what he termed a "plea to the jurisdiction"—actually a motion to dismiss, F.R. 12(b)—on the ground that diversity of citizenship was lacking between himself and the plaintiff. The District Court denied his motion, 61 F.Supp. 101; and after trial, the jury rendered a verdict against all the defendants in the sum of $6,000. The appeal is from the resulting judgment.

■ The usual basis upon which jurisdiction over impleaded defendants has

Philip R. Shiff, of New Haven, Conn., for defendants-appellants Middle Atlantic Transp. Co. and Milburn Martin.

been upheld is that of "ancillary jurisdiction," that is, jurisdiction to settle some claim ancillary to or in aid of a main claim admittedly within the federal jurisdiction. This was discussed at some length in Lesnik v. Public Industrials Corp., 2 Cir., 144 F.2d 968, and may well be resorted to where, for example, there is contribution between joint tort-feasors, and a defendant, separately sued, desires to obtain complete settlement of the issues in one action. See Commentary, Impleader of Joint Tort-Feasor, 4 Fed.Rules Serv. 900. But in Connecticut, contribution between tort-feasors is not recognized by the substantive law of the state. Sparrow v. Bromage, 83 Conn. 27, 74 A. 1070, 27 L.R.A.,N.S.; 209, 19 Ann.Cas. 796; Wise v. Berger, 103 Conn. 29, 130 A. 76; Rose v. Heisler, 118 Conn. 632, 174 A. 66. The District Court suggested the possibility of using the concept of a "separable controversy" as a springboard for jurisdiction. 61 F. Supp. 101, 102. It is, of course, true that where there is presented a separable controversy between citizens of different states, that may be removed to the federal court and may carry the whole case along. 28 U.S.C.A. § 71. But whether or not that doctrine would afford the necessary resiliency to justify a defendant in creating and carrying along a controversy between others who are cocitizens, it can have no application here. For it seems quite clear that defendants who, as here, are charged with concurring acts of negligence and are freely joinable under state law cannot be considered actors in separate and separable controversies. Pullman Co. v. Jenkins, 305 U.S. 534, 538, 59 S.Ct. 347, 83 L.Ed. 334; Cheyne v. Atchison, T. & S. F. R. Co., 9 Cir., 125 F.2d 49; Prescott v. Richards, D.C.Mass., 58 F.Supp. 10.

This therefore seems a clear-cut case where F.R. 14 has been employed to extend jurisdiction so that plaintiff has recovered against a cocitizen along with noncitizens on a joint or concurrent claim upon which all are equally liable. Precedents from other districts must be scanned with care, for there are at least six different legal situations, depending, too, in part upon differing state law, which may result from litigation over an automobile accident. Willis, Five Years of Federal Third-Party Practice, 29 Va.L.Rev. 981. In view of the local law, this case calls for an extreme extension of earlier jurisdictional concepts. While there is strong argument for applying the concept of "ancillary" jurisdiction to the extent reasonably possible in order to secure the procedural advantages of the rule, the authorities which have made the more careful discrimination among the various possible situations have not supported its extension to the present one. See Willis, supra; Commentary, Federal Jurisdiction in Third-Party Practice, 6 Fed.Rules Serv. 766; 2 Moore's Federal Practice, 1945 Cum.Supp. 356-358, citing cases. And this is the view accepted by the Advisory Committee in suggesting a revision of F.R. 14 to eliminate the provision under which a defendant may, in effect, offer an additional defendant to the plaintiff—a provision which perhaps suggests more in the way of unitary adjudication of disputes than the limitations of federal jurisdiction make possible. Second Preliminary Draft of Proposed Amendments to Rules of Civil Procedure, May, 1945, Rule 14(a) and Note thereto. We foreshadowed this result in a case turning upon the hyperattenuated rule of contribution in New York, Brown v. Cranston, 2 Cir., 132 F.2d 631, 148 A.L.R. 1178, certiorari denied Cranston v. Thompson, 319 U.S. 741, 63 S.Ct. 1028, 87 L.Ed. 1698, although we did not stress the jurisdictional point as was done in the decision we affirmed. Thompson v. Cranston, D.C.W.D.N.Y., 2 F.R.D. 270. Bates v. Miller, 2 Cir., 133 F.2d 645, certiorari denied Miller v. Bates, 320 U.S. 210, 63 S.Ct. 1446, 87 L.Ed. 1848, does not state a different rule, for there the plaintiff, defendant, and third-party defendants were all citizens of different states and diversity was complete. See also Saunders v. Baltimore & O. R. Co., D.C.S.D.W.Va., 63 F. Supp. 705, citing cases.

■ Other objections to the verdict do not merit discussion; and there is no reason why, more than in state practice, the disturbance of a judgment against one need affect the judgment against others liable for the full amount awarded. Cf. Rose v. Heisler, supra; Griswold v. Connecticut Co., 131 Conn. 248, 38 A.2d 676. The claim against defendant Fred J. Friend must, however, be dismissed for want of jurisdiction and, of course, without prejudice to other proceedings against him elsewhere.

Reversed as to defendant Fred J. Friend; affirmed as to other defendants.