## TRAPANATTO v. WATERMAN S. S. CORPORATION et al.

### Civ. 8171.

District Court, E. D. New York.
Nov. 13, 1947.

Alexander & Ash, of New York City (Joseph A. Calamari, of New York City, of counsel), for American Stevedores, Inc., third-party defendant.

Gay & Behrens, of New York City (Mack Kreindler, of New York City, of counsel), for defendant and third-party plaintiff.

KENNEDY, District Judge.

Trapanatto asserts a claim against Waterman Steamship Company (Waterman) for damages for personal injuries received in a maritime accident. At the time of his injury Trapanatto was employed by American Stevedores, Inc. (American) as a longshoreman. Trapanatto sued Waterman in the state court, and the cause was removed because of the existence of diversity, Waterman being an Alabama corporation and Trapanatto, according to the undenied allegations of the removal petition, a citizen

of New York. Waterman then moved to bring in American as a third-party defendant. The motion was granted, whereupon Waterman filed a third-party complaint, claiming that Trapanatto's injuries were caused solely by the negligence of American, which was in full charge of the ship, and under the sole obligation to furnish Trapanatto with a safe place to work. It is nowhere alleged in the third-party complaint that American is under any contractual obligation to indemnify Waterman for amounts which the latter has been required to pay by reason of torts occurring while American was in charge of the ship.

American now moves to dismiss the third-party complaint on the ground that the court has no jurisdiction. American is a New York corporation.

It can be seen that the effect of the filing of the third-party complaint, if its allegations are true, is to substitute for Waterman a defendant whom Trapanatto has not elected to sue, and against whom he probably could not maintain an action. Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., And such an action would be beyond the jurisdiction of the court for want of diversity.

Neither party cites Friend v. Middle Atlantic Transp. Co., 2 Cir., 1946, 153 F.2d 778, certiorari denied 328 U.S. 865, 66 S.Ct. 1370, 90 L.Ed. 1635.

But no matter what approach is made to the problem, it seems to me that that case rules this one, and that the motion to dismiss the third-party complaint must be granted with costs.