**CORRAO v. WATERMAN S. S. CORPORATION (PITTSTON STEVEDORING CO., Third-Party Defendant).**

**Civil Action No. 8338.**

District Court, E. D. New York.

Jan. 26, 1948.

Alexander & Ash, of New York City (Sidney A. Schwartz, of New York City, of counsel), for Pittston Stevedoring Co., for the motion.

Joseph F. Ruggieri, of Brooklyn, for plaintiff.

Gay & Behrens, of New York City (Edward J. Behrens, of New York City, of counsel), for defendant and third-party plaintiff, opposed.

BYERS, District Judge.

Motion under Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, by third party defendant, to dismiss a third party complaint, for failure to state a claim upon which relief can be granted. The principal assertion is that the criticised pleading "does not set forth any facts constituting a claim of indemnity in favor of the third party plaintiff from the third party defendant".

Attention is thus drawn to paragraph Twelfth of the said complaint, which is: "That if the plaintiff herein recovers a judgment against the defendant and third party plaintiff, Waterman Steamship Corporation, the third party defendant, Pittston Stevedoring Company, by reason of the premises, will be liable as indemnitor to the defendant and third party plaintiff, Waterman Steamship Corporation, for the amount thereof."

The "premises" are the allegations of the preceding eleven paragraphs, which may be summarized as follows: Filing of complaint by plaintiff (a New York resident) against Waterman; the corporate status of these two companies (Waterman, an Alabama, and Pittston, a New York corporation); that Waterman was the bareboat charterer of the S. S. John Jay at the time material hereto; that Pittston was engaged in performing stevedoring services to the ship at that time under "a written contract between it and the United States of America"; that pursuant thereto on May 2, 1947, Pittston was engaged in unloading the ship and in that connection engaged plaintiff's intestate, Pittston being in com-

plete charge of that portion of the ship wherein unloading operations were conducted.

That the ship was in all respects seaworthy (Note, the contrary is alleged in the Corrao complaint) and properly equipped, etc.; that the said complaint alleges that, while her intestate was so at work in the discharge of the ship, he was "caused to be struck by a hatch cover or other equipment, tackle or gear" of the ship, causing injuries resulting in his death. That these were caused solely by the negligence of Waterman, in the management, etc., of the ship, its hatches, etc., and in failing to provide a safe place to work, and permitting the use of dangerous equipment, etc., to Waterman's knowledge; failure to inspect the same and to exercise due care and caution.

The third party complaint continues that, if the plaintiff's intestate (this is what paragraph Tenth is deemed to mean) sustained the injuries causing his death through other negligence than his own, then it was the negligence of Pittston and not Waterman.

That Pittston and the United States of America entered into a contract for stevedoring services covering the date of the occurrence and the operation in question, "the original of which contract will be produced at the * *. * trial * * *".

These are the "premises" referred to in paragraph Twelfth quoted above.

The argument for Pittston is that the challenged pleading is deficient in that it does not contain adequate factual allegations to state a claim for relief upon the theory that Pittston rests under a duty to indemnify Waterman in the event that Corrao recovers judgment against the latter. It is urged that Waterman is merely seeking to substitute Pittston for itself, as a defendant against Corrao, although the latter has chosen not to sue Pittston, and could not have done so in this Court since (a) diversity between them is absent, and (b) it must be assumed that the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. § 901 et seq.) would stand in the way.

Reliance is had upon the decision of the case of Trapanatto v. Waterman Steamship Corporation, etc., D.C., 75 F.Supp. 49, involving a like motion which was granted in a somewhat similar cause.

It is necessary to strive for an understanding of the legal nature of the claim for indemnity, in order to determine whether the "premises" pleaded by Waterman portray an adequate basis upon which that relief can be predicated. If the Waterman pleading is understood, it does not assert that Pittston is required to assume the defense of the Corrao lawsuit. It does purport to assert that if recovery can be visited upon it by reason of its failure to inspect the hatch covers and other elements of the ship's equipment while Corrao was acting as a Pittston employee, in the latter's work as stevedore, at a time when, and place where, Pittston was in charge of and operating the hatches, gear, and equipment; and if the hatch covers, etc., and their operation were faulty whereby Corrao was injured, the primary fault was that of Pittston and it should be required to reimburse Waterman for any loss which the law imposes upon it by reason of its being the bare-boat charterer of the S. S. John Jay when the accident occurred.

■ If the challenged pleading can be so construed, it would seem to be consonant with the following legal principles:

The stevedore, having assumed charge of the part of the ship here involved, is primarily responsible to provide a safe place to work for those whose duties are there performed, and Waterman's duty to provide proper gear, equipment and a safe place to work extended only to the time when the stevedore assumed control; Lynch v. United States et al., 2 Cir., 163 F. 2d 97; Lauro v. United States, 2 Cir., 162 F.2d 32. The third party complaint in paragraph Seventh alleges such charge on the part of Pittston.

■ Since Pittston's liability existed when the accident occurred, it was primary in its nature, and may be relied upon as the basis to support Waterman's assertion of the right to be indemnified, notwithstanding its own possible neglect in failing to discover the faulty conditions which are said to entitle Corrao to recovery, since the law implies a contract to indemnify one who is

485

legally liable for loss or damage, where the negligence of the indemnitor gives rise to the liability. Dunn v. Uvalde Asphalt Paving Co., 175 N.Y. 214, 67 N.E. 439.

In this case Waterman does not sue to recover damages for Corrao's death, but if called upon to respond therefor, it may assert its own right of recovery for breach of an independent duty owed to it by Pittston. Westchester Lighting Co. v. Westchester County Small Estates Corporation, 278 N.Y. 175, 15 N.E.2d 567. The foregoing are cited and relied upon in Bohn v. American Export Lines, D.C., 42 F.Supp. 228.

The impact of these cases is sought to be avoided by what seems to be a mistaken argument, namely, that since Pittston is said to be legally responsible for Corrao's death, it becomes apparent that Waterman is now engaged in an effort to foist upon Corrao a defendant against which she cannot prevail for the reasons heretofore stated. But it is not apparent to me that Waterman is seeking to have Pittston either take over the defense, or share in a possible liability as a *joint tort-feasor* as was the case in Friend v. Middle Atlantic Transportation Co., 2 Cir., 153 F.2d 778.

The right which Waterman asserts is that discussed in Washington Gas Light Co. v. District of Columbia, 161 U.S. 316, 16 S.Ct. 564, 40 L.Ed. 712, and Standard Oil Co. v. Robins Dry Dock & Repair Co., 2 Cir., 32 F.2d 182. In the former case the opinion of the Court at page 327 (of 161 U.S., at page 568 of 16 S.Ct.) contains the following expression which goes to the heart of what otherwise might seem to be a specious evasion of established concepts:

"The principle thus announced (speaking of the remedy over, i. e., Waterman against Pittston) qualifies and restrains within just limits the rigor of the rule which forbids recourse between wrongdoers."

While the right would not accrue unless Corrao should prevail against Waterman, the latter of course could await the recovery of judgment against it, and then sue Pittston in a cause for indemnity as in both cases above cited. To avoid that circuity Rule 14(a) of the Federal Rules of Civil Procedure provides that a defendant as third party plaintiff may bring in a "person not a party to the action who is or may be liable to him * * * for all or part of the plaintiff's claim against him * * *".

The Westchester case supra disposes of any argument to the effect that what may be accomplished ultimately, through upholding Waterman's pleading, will be to impose upon Pittston the necessity for paying to Waterman a sum of money awarded as damages for the death of Corrao, which the administratrix could not have recovered from Pittston in the first instance.

That anticipated development is probably the reason for this motion. It need not trouble this Court, since the substantive law of New York, as declared in the Westchester case supra, must be followed.

Nor is discussion required concerning the failure to plead a written contract of indemnity. One cannot be sure whether the Eleventh paragraph of the third party complaint, above quoted, is intended to assert an oblique reference to a written contract for its benefit, or otherwise; but the cases to which reference has been made clearly establish that no written contract need be relied upon to support the claim to indemnity; the obligation is described as an implied contract arising from undertakings implicit in the relationships assumed.

In the view presently held, the third party complaint is sufficient as a pleading to portray a claim for relief by way of indemnity by Waterman against Pittston, and since diversity between them is alleged and not denied, the Court has jurisdiction of the subject-matter and of the parties to the third party claim.

Motion denied. Settle order.