**WISE v. STOCKARD S. S. CORPORATION et al. (MEALLI et al., Third-Party Defendants).**

**Civ. No. 8797.**

United States District Court
E. D. New York.

May 26, 1948.

William L. Standard, of New York City, for plaintiff.

Alexander & Ash, of New York City, (Edward Ash and Joseph A. Calamari, both of New York City, of counsel), for defendant Ira S. Bushey & Sons, Inc.

Mahar & Mason, of New York City, (Frank C. Mason and Walter E. Lawlor, both of New York City, of counsel), for third-party defendants.

ABRUZZO, District Judge.

The plaintiff originally commenced an action against Stockard Steamship Corporation and Ira S. Bushey & Sons, Inc., alleging that the decedent was killed upon a steamship owned by the Stockard Steamship Corporation which, at the time of the accident, was in the shipyards of Ira S. Bushey & Sons, Inc., for repairs, in dry dock. The action is based on the negligence of both of these defendants.

The defendant Ira S. Bushey & Sons, Inc., impleaded as third-party defendants, Nicholas Mealli and Anne Veronica Mealli, individually and as co-partners doing business as Mealli's Detective Service. In the Bushey third-party complaint it alleges in Paragraph Twelfth the following: "Twelfth: That the injuries and resulting death of the plaintiff's deceased at the time and place referred to in the complaint were not due to any fault or negligence on the part of the third-party plaintiff, but if any negligence be found on the part of the third-party plaintiff, such negligence, which is hereby denied, could only have been passive, if it existed at all, whereas the negligence of the co-partners, the third-party defendants herein, their servants, agents or employees, was active and affirmative which proximately caused the occurrence referred to in the complaint herein and that by reason thereof, Ira S. Bushey & Sons Inc., as third-party plaintiff, is entitled to reimbursement, indemnity and recovery over from and against the aforesaid co-partners and each of them by reason of the matters aforesaid."

Paragraph Eleventh alleges the following: "Eleventh: That the said co-partners, their servants, agents and employees at the said time and place improperly, care-

lessly and negligently directed, assisted and aided the plaintiff's deceased while he was leaving the said ship and in approaching, boarding or getting upon the said gangplank and failed in connection therewith to so assist, direct and help the plaintiff's deceased in leaving the said ship via the said gangplank that he fell from the said ship, or the gangplank, causing the injuries with allegedly resulting death referred to in the complaint herein."

These allegations indicate conclusively and clearly that Bushey regards the impleaded third-party defendants Mealli as a joint tort feasor even though it is stated in Paragraph Twelfth that "Ira S. Bushey & Sons Inc., as third-party plaintiff, is entitled to reimbursement, indemnity and recovery over from and against the aforesaid co-partners and each of them by reason of the matters aforesaid."

There is nothing before me to show any indemnity agreement, oral, written, or otherwise, as between Bushey and the Meallis.

The motion, therefore, must be treated as one by a joint tort feasor seeking to bring in another tort feasor not made a party in the original action. The question is, may this be done.

The motion to dismiss the third-party complaint against the Meallis is based, first, on the fact that there was no contractual relationship between the third-party plaintiff Bushey and the third-party defendants Mealli; second, that there was no liability over between these parties by way of indemnity or contribution; third, that there was no right by act and operation of law whereby the third-party defendants would be liable over either in whole or in part to the third-party plaintiff. The contention under the first and second demands for relief is academically correct and needs no discussion here, for there is no contractual relationship alleged under the first demand, nor is there any liability over by way of indemnity or contribution alleged under the second demand.

I do not think that there is any right of indemnity or contribution by operation of law. In support of the opposite of this conclusion, Bushey regards Rule 14, subdivision (a), Federal Rules of Civil Procedure, 28 U.S.C.A., as giving it the right to bring in a person "who is or may be liable to him * * * for all or part of the plaintiff's claim against him." It bases this contention on the theory alleged in its complaint that the Meallis were duty bound to help persons getting on and leaving the ship by way of the gangplank. This plaintiff's deceased apparently fell from the gangplank and suffered fatal injuries. It is Bushey's contention that the Meallis were negligent in not helping the deceased over the gangplank as they had agreed to do when defendant, Stockard Steamship Corporation, hired them. Bushey claims that the third-party complaint does not allege that it and the Meallis are joint tort feasors, nor that the Meallis are liable to the plaintiff, but liable to Bushey for any sums that may be adjudged against it in favor of the plaintiff.

I find that Bushey's contention that the third-party plaintiff and the Meallis are not joint tort feasors is without substance because that is exactly what the complaint does say. The prayer for relief made by Bushey that the third-party defendants would be liable to it in the event of a recovery against it and not to the plaintiff is merely ingenious, for according to the complaint the liability of the Meallis to Bushey would only attach if it were proven that the Meallis were negligent in any way.

These are the facts which are the basis of the third-party complaint and it is upon these facts that I must determine whether the Meallis can properly be vouched in or impleaded.

There are various decisions relied upon by both parties. Corrao v. Waterman S. S. Corp., 75 F.Supp. 482, decided by Judge Byers on January 26, 1948, in this Court; and Trapanatto v. Waterman S. S. Corp., 75 F.Supp. 49, decided by Judge Kennedy on November 13, 1947, in this Court, which on the surface appear to contradict each other. Nevertheless, I think I am bound by the case of Brown v. Cranston, 2 Cir., 132 F.2d 631, 632, 148 A.L.R. 1178. In that case, the complaint in the first action alleged that the defendant, Hazel E. Cranston, negligently drove a motor vehicle

against the motor in which the plaintiff, Martha A. Brown, was riding, whereby the latter received personal injuries. A second complaint in another action by the executors of one Sarah A. Thompson alleged that Sarah A. Thompson received injuries from which she died because of the negligent driving of the Cranston car. The defendant Cranston obtained ex parte orders bringing in Ransford C. Thompson who owned the car in which Martha A. Brown and Sarah A. Thompson were riding and Frank B. Thompson who was driving the car, so that she might recover from them any sums adjudged against her. The third-party complaints in that case alleged that the injuries "were occasioned * * * or contributed to" by the negligence of Ransford C. and Frank B. Thompson. The orders were made under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A., the same rule sought to be applied by Bushey in the instant case. The Circuit Court cited Rule 14 and also Rule 82 of the Federal Rules which provides: "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein."

In a motion in the court below, similar to the one before me, an order was made setting aside the orders bringing in the third-party defendants on the ground that the defendant Cranston had no right of contribution against the third-party defendants under the law of the State of New York in which the accident occurred. The court also dismissed the third-party complaint. That decision, D.C., 2 F.R.D. 270, in an opinion by the Circuit Court of Appeals was affirmed. 2 Cir., 132 F.2d 631, 148 A.L.R. 1178. The opinion exhaustively covers both the rules of the federal court, the rules of the state court, and the decisions of the state courts, and is directly in conflict with the views of defendant Bushey. The Circuit Court of Appeals apparently refused to adopt our Rule 14 as applicable, but instead followed the state statute and the decisions in the state courts interpreting these statutes. See Fox v. Western New York Motor Lines, Inc., 257 N.Y. 305, 178 N.E. 289, 78 A.L.R. 578.

On the authority of Brown v. Cranston, supra, the ex parte order bringing in the Meallis as third parties must be set aside, and the complaint filed by Bushey against the third-party defendants Mealli in pursuance of that order must be dismissed.